O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL AICHELE, JONATHAN ALEXANDER, CARINA CLEMENTE, MICHAEL PRSYNER, and JAMES WEITZ, individually and as class representatives,<br><br>  Plaintiffs,<br>  v.<br><br>CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, MAYOR ANTONIO VILLARAIGOSA, CHIEF CHARLIE BECK, and DOES 1–10,<br><br>  Defendants. | Case No. 2:12-cv-10863-DMG(FFMx)<br><br>**ORDER DENYING MOVANT DENNIS ETTLIN'S REQUEST FOR RECUSAL OF JUDGE DOLLY M. GEE [36]** |

   Would-be Intervenor Dennis Ettlin requests that Judge Gee recuse herself from this case under 28 U.S.C. § 455. (ECF No. 36) Ettlin's request was referred to this Court for independent review. (ECF No. 37.) Having considered Ettlin's arguments, the Court deems the matter suitable for decision without oral argument and **DENIES** his request. Fed. R. Civ. P. 78; L.R. 7-15.

   The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. In giving Ettlin the benefit of the doubt as a pro se movant, the Court construes Ettlin's request under both statutes. Section 144 permits a party seeking

disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.  When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976).  Further, the alleged bias must be from an extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But the substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same—"Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

Ettlin's request begins with specific citations to §§ 455(b)(1), (b)(2), and (b)(4). Ettlin freely acknowledges that "'[r]ecusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence."'"  (Req. for Recusal 3); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (same). Nevertheless, Ettlin's request for disqualification (at least insofar as it relies on § 455(b)(1)) is rife with speculation and groundless conjecture.  For example, Ettlin surmises that because Judge Gee's "office is located directly across the street from" the site of the Occupy Los Angeles encampment at City Hall, Judge Gee "undoubtedly formed opinions and first hand impressions of Plaintiffs during the 60 days of the Occupy presence." (Req. for Recusal 3.)  Ettlin also speculates that Judge Gee has "[e]xtra judicial knowledge of Judge King's decision" to deny Occupy LA's request for a TRO in another Occupy LA case, though he fails to elucidate how this supposed knowledge translates to "personal bias or prejudice" toward Ettlin.  28 U.S.C.

§ 455(b)(1). This scattershot speculation comes nowhere close to making the showing necessary to merit recusal under either § 455 or § 144.

Ettlin also argues that Judge Gee should recuse herself under § 455(b)(2) because her prior "specializ[ation] in employment and union law" "biases and provides extrajudicial knowledge to Judge Gee in matters of the supplemental judicial benefits to Superior Court judges in California." (Req. for Recusal 3.) Whatever this statement's relevance (or meaning, for that matter), it fails to establish that Judge Gee was a lawyer *in this case*, practiced with a lawyer "*concerning th[is] matter*," or was or worked with a material witness concerning *this case*. 28 U.S.C. § 455(b)(2) (emphasis added). Ettlin's request therefore fails under § 455(b)(2), as well.

Most of Ettlin's arguments regarding recusal under § 455(b)(4) are recycled from the litany of recusal motions he's levied at Judges King, Otero, and Chooljian in *Occupy Los Angeles v. City of Los Angeles*, No. 2:12-cv-00297-GHK-JC (C.D. Cal. filed Jan. 11, 2012). *See id.* ECF Nos. 95, 96, 98, 151. Judge Otero denied each of these motions as "frivolous." *See id.* ECF Nos. 97, 99, 157. This Court agrees that Ettlin's arguments under § 455(b)(4) are frivolous and do not reasonably call into question Judge Gee's impartiality.

Ettlin then takes aim at Plaintiffs and their attorneys: according to Ettlin, "Judge Gee has allowed a deep-seated disrespect for Pro Se litigants *by Plaintiffs* to permeate her courtroom." (Req. for Recusal 6 (emphasis added).) But Ettlin's gripes to this end go nowhere beyond insisting that Judge Gee should force Plaintiffs to be nice to Ettlin—a would-be Intervenor who isn't even a party to the case yet (and may never be). And while Plaintiffs' incivility towards Ettlin is certainly unfortunate, Judge Gee's inability to control what goes on outside her courtroom has no bearing on her impartiality.

The remainder of Ettlin's motion advances a deluge of other qualms Ettlin has with Plaintiffs' conduct and filings in this case. None of these arguments merit serious discussion, as they in no way relate to Judge Gee's impartiality in this matter.

1  If Ettlin has concerns about the adequacy of service, deprivations of due process, or
2  conflicts of interest Plaintiffs' counsel may have with "any intervenor other than those
3  chosen by Plaintiffs['] counsel," he should raise these concerns in the first instance
4  before Judge Gee.
5        In sum, the Court finds that Ettlin's request fails to state sufficiently compelling
6  extrajudicial facts to reasonably call into question Judge Gee's impartiality in this case
7  under either 28 U.S.C. § 144 or § 455.  Ettlin's request is therefore **DENIED**.
8        **IT IS SO ORDERED.**
9        June 5, 2012

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**