PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
NATHAN A. OYSTER, State Bar No. 225307
noyster@lbaclaw.com
MATTHEW P. ALLEN, State Bar No. 265118
matthew.allen@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL AICHELE, JONATHAN ALEXANDER, CARINA CLEMENTE, MICHAEL PRSYNER, JAMES WEITZ, individually and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, MAYOR ANTONIO VILLARAIGOSA, CHIEF CHARLIE BECK, individually and in their official capacities, Does 1-10,<br><br>Defendants. | Case No. CV12-10863 DMG (FFMx)<br><br>Honorable Dolly M. Gee<br><br>**NOTICE OF RELATED CASES; DECLARATION OF NATHAN A. OYSTER AND EXHIBITS THERETO**<br><br>**Local Rule 83-1.3**<br><br>Complaint filed: December 20, 2012 |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rule 83-1.3, Defendant County of Los Angeles (hereinafter "Defendant" or "the County") hereby submits the following Notice of Related Cases.

## I. STANDARD FOR FILING NOTICE OF RELATED CASES.

Pursuant to Local Rule 83-1.3.1, an attorney shall file a notice of related cases whenever the current action and any action previously filed or currently pending in the Central District satisfy one of four criteria. A notice of related cases is appropriate if the cases appear:

> "(a) To arise from the same or a closely related transaction, happening or event; or
> (b) To call for determination of the same or substantially related or similar questions of law and fact; or
> (c) For other reasons would entail substantial duplication of labor if heard by different judges; or
> (d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present."

L.R. 83-1.3.1.

The attorney filing the notice is also required to set forth a brief factual statement setting forth the basis for the attorney's belief that the actions qualify for related case transfer. *Id.* Pursuant to L.R. 83-1.3.3, all counsel are under a continuing duty to advise the Court of all facts which appear relevant to a determination of whether matters are related under L.R. 83-1.3.

## II. IDENTIFICATION OF THE RELATED CASES.

### A. *Reese v. City of Los Angeles.*

The first action, *Reese, et al. v. City of Los Angeles, et al.*, U.S.D.C. Case No. CV 11-9790 GHK (JC), was filed on November 28, 2011 and assigned to the Hon. George H. King. The *Reese* matter contained allegations from seven pro se plaintiffs seeking injunctive relief and declaratory relief pursuant to 42 U.S.C. §

1983 against the City of Los Angeles and high-ranking City officials. The *Reese* plaintiffs were participants in the Occupy LA protests who sought to prevent the City from moving the protestors from the City Hall lawn. The *Reese* matter is no longer pending.

### B.   *Knox-Davies v. City of Los Angeles.*

The second action, *Knox-Davies, et al. v. City of Los Angeles, et al.*, U.S.D.C. Case No. CV 11-9792 GHK (JC), was filed on November 28, 2011 and transferred to Judge King on November 29, 2011, pursuant to General Order 08-05 and the criteria listed in Local Rule 83-1.3.1(a-c). In *Knox-Davies*, five plaintiffs asserted claims under 42 U.S.C. § 1983 and California law for injunctive relief and declaratory relief. The *Knox-Davies* plaintiffs were participants in the Occupy LA protests who sought a temporary restraining order to block the LAPD from removing the protestors from the City Hall lawn. On November 30, 2011, the request was denied as moot by Judge King.

In the *Knox-Davies* action, the plaintiffs were represented by the same attorney who is the lead counsel for Plaintiffs in this action. The *Knox-Davies* action is no longer pending.

### C.   *Occupy Los Angeles v. City of Los Angeles.*

The third action, *Occupy Los Angeles v. City of Los Angeles, et al.*, U.S.D.C. Case No. CV 12-297 GHK (JC), was removed to the United States District Court on January 1, 2012 and transferred to Judge King on February 15, 2012, pursuant to General Order 08-05 and the criteria listed in Local Rule 83-1.3.1(a-c). The Complaint in *Occupy Los Angeles* contains federal and state law claims against the City of Los Angeles and numerous other governmental officials and entities, with the primary factual allegations derived from the Occupy LA protests on the City Hall lawn. The *Occupy Los Angeles* matter is pending.

3

III. **RATIONALE FOR FILING NOTICE OF RELATED CASES.**

The County is filing this Notice of Related Cases in a prompt fashion consistent with its counsel's discovery of both the existence of the three cases referenced above and the discovery that the *Knox-Davies* and *Occupy Los Angeles* matters were each transferred to Judge King because the matters overlapped with the allegations of the *Reese* matter. **The significance is not simply that these three matters exist, but that the subsequent matters (*Knox-Davies* and *Occupy Los Angeles*) were transferred to Judge King under the criteria listed in Local Rule 83-1.3.1(a-c).** Even if this Court already has knowledge of the existence of the *Reese*, *Knox-Davies*, and *Occupy Los Angeles* matters, it is not clear that this Court has been advised that the *Knox-Davies* and *Occupy Los Angeles* matters were transferred to Judge King after filing.

Dated: August 14, 2013              LAWRENCE BEACH ALLEN & CHOI, PC


                                    By   /s/ Nathan A. Oyster
                                         Nathan A. Oyster
                                         Attorneys for Defendant
                                         COUNTY OF LOS ANGELES

4

## DECLARATION OF NATHAN A. OYSTER

I, Nathan A. Oyster, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California. I am an attorney with the law firm of Lawrence Beach Allen & Choi, PC, attorneys for Defendant County of Los Angeles in the above-referenced matter.

2. In this litigation, Plaintiffs are asserting claims under 42 U.S.C. § 1983 and under California law for their arrests and subsequent transportation to booking. All of the claims arise from the November 30, 2011 arrests of Occupy LA protestors outside of the Los Angeles City Hall.

3. During this course of this litigation, multiple pro se litigants, including Dennis Ettlin and an individual doing business as "Occupy Los Angeles", attempted to intervene in this case. In doing so, other litigation involving the Occupy LA protests was referenced but no party to this action filed a Notice of Related Cases, pursuant to Local Rule 83-1.3.

4. On August 8, 2013, I discovered that at least three other cases pertaining to Occupy LA had been filed in the Central District. Significantly, the second and third cases, *Knox-Davies* and *Occupy Los Angeles*, were transferred to Hon. George H. King for all purposes because the first matter, *Reese*, had previously been assigned to Judge King.

5. A review of the docket for *Geneva Reese v. City of Los Angeles*, U.S.D.C. Case No. CV 11-9790 GHK (JC) indicates that *Reese* was filed on November 28, 2011 and assigned to the Hon. George H. King. The *Reese* matter contained allegations from seven pro se plaintiffs seeking injunctive relief and declaratory relief pursuant to 42 U.S.C. § 1983 against the City of Los Angeles and high-ranking City officials. The *Reese* plaintiffs were participants in the Occupy LA protests who sought to prevent the City from moving the protestors from the City Hall lawn. The *Reese* matter is no longer pending.

5

6.  A review of the docket for *Knox-Davies v. City of Los Angeles*, U.S.D.C. Case No. CV 11-9792 GHK (JC) indicates that *Knox-Davies* was filed on November 28, 2011 and transferred to Judge King on November 29, 2011, pursuant to General Order 08-05 and the criteria listed in Local Rule 83-1.3.1(a-c). In *Knox-Davies*, five plaintiffs asserted claims under 42 U.S.C. § 1983 and California law for injunctive relief and declaratory relief. The *Knox-Davies* plaintiffs were participants in the Occupy LA protests who sought a temporary restraining order to block the LAPD from removing the protestors from the City Hall lawn. On November 30, 2011, the request was denied as moot by Judge King. In the *Knox-Davies* action, the plaintiffs were represented by the same attorney who is the lead counsel for Plaintiffs in this action. The *Knox-Davies* action is no longer pending.

7.  A true and correct copy of the Order transferring *Knox-Davies* to Judge King is attached hereto as Exhibit "A".

8.  A review of the docket for *Occupy Los Angeles v. City of Los Angeles*, U.S.D.C. Case No. CV 12-297 GHK (JC) indicates that the matter was removed to the United States District Court on January 1, 2012 and transferred to Judge King on February 15, 2012, pursuant to General Order 08-05 and the criteria listed in Local Rule 83-1.3.1(a-c). The Complaint in *Occupy Los Angeles* contains federal and state law claims against the City of Los Angeles and numerous other governmental officials and entities, with the primary factual allegations derived from the Occupy LA protests on the City Hall lawn. The *Occupy Los Angeles* matter is pending.

9.  A true and correct copy of the Order transferring *Occupy Los Angeles* to Judge King is attached hereto as Exhibit "B".

//
//
//

10. Defendant County of Los Angeles is filing this Notice of Related Cases because of my obligation to advise the Court of any potential related cases under Local Rule 83-1.3.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 14, 2013 at Glendale, California.

          /s/ Nathan A. Oyster
              Nathan A. Oyster

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Katherine Knox-Davies et al | CASE NUMBER: |
|---|---|
| Plaintiff(s), | CV 11-09792 PA (FFMx) |
| v. | |
| City of Los Angeles et al | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases) |
| Defendant(s). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 08-05.

_11/28/11_ _____
Date                                                                George H. King
                                                                        United States District Judge

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____                _____
Date                                                                United States District Judge

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case ____CV 11-09790 GHK (JC)____ and the present case:

☒ A. Arise from the same or closely related transactions, happenings or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.
☐ E. Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge ____Mumm____ to Magistrate Judge ____Chooljian____.

On all documents subsequently filed in this case, please substitute the initials _GHK (JCx)_ after the case number in place of the initials of the prior judge, so that the case number will read _CV 11-09792 GHK (JCx)_. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☒ Western ☐ Southern ☐ Eastern Division.

**Traditionally filed subsequent documents must be filed at the ☒ Western ☐ Southern ☐ Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.**

cc: ☐ Previous Judge    ☐ Statistics Clerk

CV-34 (05/08)                ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases)                EXHIBIT "A"

8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Occupy Los Angeles | CASE NUMBER: |
| --- | --- |
| Plaintiff(s), | CV 12-00297 DSF(FFMx) |
| v. | |
| City of Los Angeles et al | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases) |
| Defendant(s). | |

## CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 08-05.

2/14/12                         George H. King
Date                            United States District Judge

## DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____

Date                            United States District Judge

## REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____CV 11-09790 GHK(JCx)_____ and the present case:

- ☑ A. Arise from the same or closely related transactions, happenings or events; or
- ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.
- ☐ E. Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

## NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge ___Mumm___ to Magistrate Judge ___Chooljian___.

On all documents subsequently filed in this case, please substitute the initials ___GHK (JCx)___ after the case number in place of the initials of the prior judge, so that the case number will read _CV 12-00297 GHK(JCx)_. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☑ Western ☐ Southern ☐ Eastern Division.

Traditionally filed subsequent documents must be filed at the ☑ Western ☐ Southern ☐ Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.

cc: ☐ Previous Judge    ☐ Statistics Clerk

CV-34 (05/08)    ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases)    EXHIBIT "B"

9

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Corby Lynch, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, CA 91210.

On August 14, 2013, I served the foregoing **NOTICE OF RELATED CASES; DECLARATION OF NATHAN A. OYSTER AND EXHIBITS THERETO** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Dennis Ettlin
27222 Paseo Lomita
San Juan Capistrano, California 92675

**BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 14, 2013, at Glendale, California.

_Corby Lynch_
Declarant