1   HADSELL STORMER RICHARDSON & RENICK, LLP
    DAN STORMER   SBN 101967
2   LINCOLN ELLIS   SBN 283657
    128 N. Fair Oaks Avenue
3   Pasadena, CA 91103
    t. 626 585-9600 f. 626 577-7079
4   e. dstormer@hadsellstormer.com
    e. l.ellis@hadsellstormer.com
5
    BARRETT S. LITT  SBN 45527
6   DAVID M. McLANE   SBN 124952
    KAYE, McLANE, BEDNARSKI & LITT
7   234 E. Colorado Boulevard, Suite 230
    Pasadena, CA 91101
8   t. 626 844-7660 f. 626 844-7670
    e. blitt@kmbllaw.com
9   e. dmclane@kmbllaw.com

10  SCHONBRUN, DE SIMONE, SEPLOW, HARRIS,
        HOFFMAN & HARRISON
11  PAUL HOFFMAN   SBN 71244
    CATHERINE SWEETSER   SBN 271142
12  732 Ocean Front Walk
    Venice, CA 90291
13  t. 310 396-0731   f. 310 399-7040
    e. hoffpaul@aol.com
14  e. catherine.sdshhh@gmail.com

15  LAW OFFICE OF CAROL A. SOBEL   LAW OFFICE OF COLLEEN FLYNN
    CAROL A. SOBEL SBN 84483           COLLEEN M. FLYNN SBN 234281
16  3110 Main Street, Suite 210            3435 Wilshire Boulevard, Suite.2910
    Santa Monica, CA 90405          Los Angeles, CA 90010
17  t. 310 393-3055   f. 310 451-3858      t. 213 252-9444  f. 213 252-0091
    e. carolsobel@aol.com                 e. cflynnlaw@yahoo.com
18

19                  UNITED STATES DISTRICT COURT

20       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

21  CHERYL AICHELE, et al.;              )CASE NO: 12-cv-10836 DMG (FFMx)
                                          )
22          Plaintiffs,                   ) RESPONSE TO DEFENDANT
                                          )COUNTY'S NOTICE OF RELATED
23  CITY OF LOS ANGELES, et al.;         )CASE
                                          )
24          Defendants.                   ) Date:  August 23, 2013
                                          ) Time: 9:30 a.m.
25  _____          Ctrm: 7 (Hon. Dolly M. Gee)

26

27

28

1    Defendant County of Los Angeles has filed a Request to Relate the Case with
2    the Court. As Plaintiffs' counsel advised the attorney for the County defendant, the
3    would-be intervenor, Dennis Ettlin, filed a Related Case notice with the Court nearly
4    four months ago, concurrently set with his motion to intervene in this matter. On May
5    14, 2013, Plaintiffs then filed an Opposition to Mr. Ettlin's Request. *See* Dkt. # 23.
6    A copy of the Opposition previously filed by Plaintiffs and bearing the ECF filing
7    header is attached as Exhibit 1.

8    In support of their Opposition, Plaintiffs filed a Request for Judicial Notice,
9    providing the Court with then-current dockets in three of the six federal court cases
10   would-be intervenor Ettlin asserted were directly related, including the three cases
11   now referenced by the County as purportedly related to this action. *See* Dkt. #24 and
12   Opposition at pp. 2-5. Two of the cases Mr. Ettlin asserted were related cases, *Jones*
13   *v. City of Los Angeles* and *Lavan v. City of Los Angeles*, addressed issues relating to
14   homeless individuals on skid row and were completely unrelated to any events
15   involving Occupy Los Angeles. *See* Opposition at p.2 n.4.

16   Since Plaintiffs' earlier Opposition to would-be intervenor Ettlin's Request to
17   Relate was filed, the only development in cv-12-0297, the case filed by C.R. Legal in
18   the name of Occupy Los Angeles is that California Attorney General Kamala Harris
19   has now filed her third motion to dismiss the action against her for failure to serve her
20   properly. A true and correct copy of the motion filed on July 5, 2013 is attached at
21   Exhibit B. According to the Court's docket, on August 5, 2013, Magistrate Judge
22   Chooljian, to whom this matter was referred because it was brought by a pro per,
23   issued an order vacating the hearing date and taking the matter under submission. A
24   true and correct copy of the relevant order is attached at Exhibit C.

25   In the case originally filed by C.R. Legal as Occupy Los Angeles in state court
26   and then removed to the district court by the defendants, neither the legal issues nor
27   the facts are even marginally related to those in this action. For the Court's
28   convenience, a true and correct copy of the relevant portions of the removed

2

1  Complaint filed by Occupy Los Angeles in cv 12-0297, bearing the ECF filing header,
2  is attached at Exhibit D. *See* cv-12-0297, Dkt. #1-1. The first cause of action is for
3  a RICO violation that appears to be against the United States Department of Justice
4  and Attorney General Holder. Ex. D, p.3. The second cause of action is for negligence
5  and appears to be against both the federal and state defendants. Ex. D, pp. 6-8.

6  Notably, the City has not filed a related case notice to cv 12-0297. No doubt
7  this is because the City filed a demurrer in the Los Angeles Superior Court before the
8  case was removed by the federal defendants. A true and correct copy of the
9  demurrer, bearing the ECF filing header as it was included in the file removed to the
10  district court is attached at Exhibit E. In its demurrer, the City asserted that neither
11  of the two causes of action pertained to it, but noted that the complaint included the
12  City as a defendant in the caption and sought injunctive and declaratory relief to
13  prevent the removal of the Occupy protests from City Hall's public fora. Ex. E, p.3.
14  The City argued it should be dismissed as the requested relief was moot. *Id.*

15  No basis exists to relate this action to the case now pending before Magistrate
16  Judge Chooljian. But for a passing similarity on the Occupy protest location, they do
17  not "arise from the same or a closely related transation, happening or event" [L.R. 83-
18  1.3.1(a)]; do not "call for the determination of the same or substantially related
19  questions of law and fact" [L.R. 83-1.3.1(b)]; or, otherwise "would entail substantial
20  duplication of labor if heard by different judges." L.R. 83-1.3.1(c).

21

22  Dated: August 16, 2013          Respectfully submitted,

23                                  Hadsell Stormer Richardson & Renick, LLP
                                    Kaye, McLane, Bednarski & Litt
24                                  Law Office of Carol A. Sobel
                                    Law Office of Colleen M. Flynn
25                                  Schonbrun, DeSimone, Seplow, Harris, Hoffman &
                                        Harrison
26
                                           /s/
27                                  By:   CAROL A. SOBEL
                                         Attorneys for Plaintiffs
28

3

**EXHIBIT A**

HADSELL STORMER RICHARDSON & RENICK, LLP
DAN STORMER   SBN 101967
LINCOLN ELLIS   SBN 283657
128 N. Fair Oaks Avenue
Pasadena, CA 91103
t. 626 585-9600 f. 626 577-7079
e. dstormer@hadsellstormer.com
e. l.ellis@hadsellstormer.com

BARRETT S. LITT  SBN 45527
KAYE, McLANE, BEDNARSKI & LITT
234 E. Colorado Boulevard, Suite 230
Pasadena, CA 91101
t. 626 844-7660 f. 626 844-7670
e. blitt@kmbllaw.com

SCHONBRUN, DE SIMONE, SEPLOW, HARRIS,
     HOFFMAN & HARRISON
PAUL HOFFMAN   SBN 71244
CATHERINE SWEETSER   SBN 271142
732 Ocean Front Walk
Venice, CA 90291
t. 310 396-0731   f. 310 399-7040
e. hoffpaul@aol.com
e. catherine.sdshhh@gmail.com

LAW OFFICE OF CAROL A. SOBEL     LAW OFFICE OF COLLEEN FLYNN
CAROL A. SOBEL SBN 84483            COLLEEN M. FLYNN SBN 234281
3110 Main Street, Suite 210       3435 Wilshire Boulevard, Suite.2910
Santa Monica, CA 90405                Los Angeles, CA 90010
t. 310 393-3055   f. 310 451-3858   t. 213 252-9444   f. 213 252-0091
e. carolsobel@aol.com             e. cflynnlaw@yahoo.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CHERYL AICHELE, et al.; | CASE NO: 12-cv-10863 DMG (FFMx) |
| Plaintiffs, | Hon. Dolly M. Gee |
| CITY OF LOS ANGELES, et al.; | OPPOSITION TO NOTICE OF RELATED CASES FILED BY APPLICANT ETTLIN |
| Defendants. | |
| | (REQUEST FOR JUDICIAL NOTICE AND EXHIBITS CONCURRENTLY FILED) |
| | ACTION FILED: 12/20/2012 |

1    The pro se intervenor applicant, Dennis Ettlin, has now filed a Request for
2    Judicial Notice of Related Cases ("NOTICE") in this matter, asserting that this action
3    is related to no less than six other cases in the Central District.[1]  In significant part,
4    the NOTICE is nothing more than an attempt by Ettlin to litigate his motion to
5    intervene currently pending before this Court, including his claim that this lawsuit
6    should be expanded exponentially to add two new subclasses.[2]  The bulk of the
7    motion is devoted to why Ettlin should be added as an intervenor and why two
8    additional subclasses should be added in *Aichele. See* pp. 1-7, 14-19.  Plaintiffs have
9    addressed these argument in their concurrently filed Opposition to Motion to
10   Intervene. *See* Dkt. #19 (Opposition to Motion to Intervene at pp.   ).

11   Considering the elements of Local Rule 83-1.3.1, this argument is irrelevant
12   and fails to establish any basis for finding this case is related to any other case
13   presently pending in this district.  In short, Ettlin's NOTICE is but one more example
14   of why Plaintiffs would suffer undue delay, obstruction and severe prejudice if
15   compelled to prosecute their action with him.

16   **I.    LOCAL RULE 83-1.3.1**

17   Local Rule 83-1.3.1 requires an attorney to file a Notice of Related Case with

18   _____

19   [1]    Ettlin also contends that this action is related to five cases in the state
20   court.  Since this court has no jurisdiction over any of those matters, Plaintiffs'
21   Opposition is limited to the federal cases identified by the pro se Intervenor-
     Applicant.

22   [2]    To illustrate, Ettlin's NOTICE inexplicably includes an ad hominem
23   attack on Plaintiffs' counsel. NOTICE at III, p.20.  He points to a state criminal
24   case, prosecuted in Orange County, in which attorneys Dan Stormer and Carol Sobel
     were among a team of lawyers who represented a group of students, known as the
25   "Irvine 11," who protested a speech at UC Irvine by Israel's ambassador to the
26   United States, Michael Oren, in 2011.  While Ettlin is correct that Mr. Stormer's
     clients were convicted (and are now appealing their conviction), Ms. Sobel's client
27   was dismissed before trial.   No matter, this state criminal case has nothing to do
28   with L.R.  83-1.3.1.

Case 2:12-cv-10863-DMG-FFM Document 84 Filed 08/16/13 Page 7 of 35 Page ID #:1483

1 the court at the time an action is filed or as soon as the attorney becomes aware of a
2 related case. The Rule sets forth four independent bases for establishing that a case
3 is Related to another case on the court's docket, only three of which are relevant
4 here.[3]

5      •    L.R. 83-1.3.1(a): To arise from the same or a closely related
6         transaction, happening or event; or

7      •    L.R. 83-1.3.1(b): To call for the determination of the same or
8         substantially related questions of law and fact; or

9      •    L.R. 83-1.3.1(c): For other reasons would entail substantial duplication
10         of labor if heard by different judges.

11      None of these bases apply to the cases Ettlin contends are related to *Aichele*.

12 **II.**    **THE REQUEST FOR JUDICIAL NOTICE OF RELATED CASES**

13      **A.**    **The Purportedly Related Federal Cases**

14      Intervenor Applicant Ettlin contends that six other cases in the Central District
15 are related to this action.[4]

16         **1.**      **11-cv-09790 GHK (JCx)** *Geneve Reese v. City of Los Angeles*
17      The first case discussed was filed by pro se plaintiffs seeking to prevent the

18 

19     [3]      The fourth category applies to patent, trademark and copyright cases.

20     [4]      Two of the four cases are *Jones v. City of Los Angeles*, 444 F.3d 1118
21 (9th Cir. 2006), challenging LAMC §41.18(d), which prohibits sleeping, lying or
22 sitting on a public street or sidewalk at any time of day or night, anywhere in the
City. *Lavan v. City of Los Angeles*, cv 11-02874 PSG (AJWx), challenged the
23 seizure and immediate destruction of the property of homeless individuals on Skid
24 Row. *Jones* is a closed case, except for the pending attorney fee appeal. The
preliminary injunction issued by Judge Guiterrez in *Lavan* has been affirmed by the
25 Ninth Circuit, which denied the City's interlocutory appeal. 693 F.3d 1022 (9th
26 Cir. 2012). Plaintiffs' Amended Complaint raises no claims which would come
within the issues addressed in *Jones* and *Lavan*. It is the intervenor applicant who
27 seeks to interject these claims by adding two new sub-classes, neither one of which
28 he has standing to represent.

1   City from closing City Hall lawn and ejecting Occupy Los Angeles from the public
2   forum. As Ettlin correctly notes, the case was not prosecuted and no temporary
3   restraining order was requested. NOTICE at p.8, lines 22-24. On February 17, 2012,
4   Magistrate Judge Chooljian issued a Report and Recommendation that the case be
5   dismissed for failure to prosecute. On March 1, 2012, Intervenor Applicant Ettlin
6   filed a motion to intervene in *Reese*. Ex. 1, Dkt. ##12,13.[5] The motion to intervene
7   was denied and the case was dismissed on March 7, 2012. *Id.*, Dkt #15. Despite the
8   fact that Ettlin filed the motion to intervene, C.R. Legal appealed the dismissal, but
9   failed to pay the filing fees, resulting in the dismissal of the appeal. Dkt. ##17,21.
10  Plaintiffs believe that none of the *Reese* plaintiffs were arrested on November 30,
11  2011, so this case does not arise from the same facts. Moreover, prior to the action
12  being dismissed, no judge ruled on the facts or law in this matter.

13          **2.      11-cv-09792 GHK (JCx) *Knox-Davies v. City of Los Angeles***

14          The second case discussed was filed two days before the City carried out the
15  events giving rise to the Aichele Plaintiffs' arrests. The case was originally assigned
16  to the Hon. Percy Anderson, but transferred to Judge King based on the *Reese*
17  assignment. As Ettlin notes, the case was limited to the pre-arrest issues and sought
18  only a temporary restraining order. On the same day that the transfer notice was
19  entered, Judge King denied the request for a temporaray restraining order as moot.
20  Ex. 2, Dkt. ##6,7. On February 9, 2012, Plaintiffs dismissed the case. No hearings
21  were held and no rulings were made as to the facts or law presented by this action, so
22  there is no risk of contradictory or duplicative rulings to the extent of the limited
23  overlap of this case with *Aichele*.

24          **3.      12-cv-0297 GHK (JCx) *Occupy LA v. City of Los Angeles***

25

26          [5]     Plaintiffs have filed a Request for Judicial Notice concurrently with
    their Opposition. The Request asks the Court to take Judicial Notice of the docket
27  of the first three cases Applicant Ettlin asserts are related cases, and of the order
28  granting summary judgment to defendants in the fourth case.

1    This case was first filed in state court in October, 2011 by C.R. Legal, a pro se
2  plaintiff claiming to represent Occupy Los Angeles.[6] It was removed to federal court
3  on January 11, 2012. Ex.3, Dkt. #1. In addition to the City defendants named in
4  *Michele*, this case includes as defendants the United States Department of Justice,
5  Attorney General Eric Holder, California Attorney General Kamala Harris, and City
6  Attorney Carmen Trutanich. The case was first assigned to Judge Fisher, then
7  transferred to Judge King. *Id.*, Dkt. #25. Judge King referred the pro se matter to
8  Magistrate Judge Chooljian. Dkt #26.

9    In 17 months, despite filing of motions to dismiss by all of the defendants,[7] no
10  substantive ruling has occurred in the case. Instead, it has been consumed with the
11  procedural antics of C.R. Legal and a horde of intervenor applicants, including Mr.
12  Ettlin. *See* Dkt. #42 (Ettlin Motion to Intervene). Over the course of more than a
13  year, the pro se plaintiffs and intervenors have filed, collectively, for a change of
14  venue, multiple motions to disqualify the court, and baseless appeals from denials of
15  these motions. Dkt. ##39,51,62,72,91,95,96,102,111,113,120,124,128,148,
16  151,155,160. Because of these tactics, the Court lacked jurisdiction to hear any
17  motion. Not even Ettlin's motion to intervene has been heard. Dkt. #45,92.

18

---

19    [6]    On May 13, 2013, C.R. Legal filed a document captured as an "Answer
20  and Motion to Dismiss" in this action, identifying himself as Doe 11. Dkt. #19. The
     document is unintelligible. He has set it for hearing on June 7, 2013, the same day
21  as Ettlin's Motion to Intervene is scheduled. Setting aside that there was no
22  accompanying memorandum of points and authorities filed, and absolutely no
     attempt to meet and confer on a Motion to Dismiss as required by Local Rule 7, the
23  filing is only 24 days in advance of the hearing date, failing to meet the requirements
24  of Local Rule 6. Because the motion filer is not a registered ECF filer, the motion
     must be filed 31 days in advance of the hearing date. *Id.*
25

26    [7]    *See* Dkt. #5,11,55. On June 8, 2012, the federal defendants filed a
     second motion to dismiss based on pro se C.R. Legal's designation by the California
27  Supreme Court as a "vexatious litigant" and his failure to obtain prefiling approval.
28  Dkt. #81.

1    This case, too, is not related as no substantive ruling has been made in the case
2    and the pending motions to dismiss do not involve the facts and/or law in *Aichele*.

3    **4.    12-cv-01139 SVW (FFMx)** *Pierre v. City of Los Angeles*

4    This case was brought pro se by Frantz Pierre, who was arrested on December
5    4, 2011 on the west steps of City Hall. The case was removed from state court. Judge
6    Wilson granted the City's motion for summary judgment. Ex. 4 [Civil Minutes
7    October 25, 2012]. Although the Court had difficult discerning the causes of action,
8    *Id.* at p.1 fn1, the Court ultimately characterized the case as asserting a claim of
9    "Entrapment by Estoppel." *Id.* at p.7. In addition, the Court granted summary
10   judgment to the City on Pierre's facial and as-applied challenges to LAMC §63.44.
11   *Id.* at pp.9-14. The Court could not decipher an "understandable basis" for the
12   remaining claims raised by Pierre. *Id.* at p.14. Neither the facts nor the law relating
13   to Pierre's arrest make this a related case.

14   **B.    The Interjection of the Claim Regarding the Alleged Unlawful
         Payments to the Judges of the Los Angeles Superior Court and
15       Other Extraneous Issues**

16   Intervenor Applicant Ettlin begins his NOTICE with a discussion of the
17   purported unlawful payments to the entire Los Angeles Superior Court bench. He
18   contends that this issue poses no difficulty since the Court will not be called upon to
19   decide the facts or law related to this issue but, rather, just the "value of the **BIAS**
20   bought by the county payments."[8] NOTICE at p.4, lines 7-12. He argues that these
21   payments make "**void ab initio**" the criminal convictions of Plaintiffs. *Id.* at lines
22   16-22. Mr. Ettlin was not, himself, arrested, so he has no standing to interject this

23

24

_____

25       [8]    On May 13, 2013, Ettlin filed an "Amended Certification and Notice
26   of Interested Parties," in which he named Judges Otero and King as interested
     parties. Dkt. #18. Ettlin also identifies this Court as now being "at risk" of being
27   affected by "collegial sympathy/bias" because of his allegations against Judge
28   Otero. *Id.*

5

1  argument into this action, even if it could be found to have any merit.[9]

2      Ettlin's second argument raises ten taxpayer actions currently pending in the

3  California Court of Appeal. These cases all purportedly involve challenges to what

4  Ettlin contends are unlawful payments to the state judges in Los Angeles County.

5      Based solely upon the assertion of unlawful payments to Judge Otero when he

6  sat on the Los Angeles Superior Court, Ettlin spends more than a page arguing that

7  Judge Otero should have recused himself from hearing the Motion to Recuse

8  Magistrate Judge Chooljian and Judge King filed in 12-cv-0297 by another pro se

9  plaintiff, Christopher Tillman (also known as "C.R. Legal"),[10] after the case was

10  removed from state court by the federal defendants named in that action.[11] NOTICE

11  at I.B, p. 5.

12      The only overlap, if any here, results from the City's decision to declare City

13  Hall law, a quintessential and historic public forum, to be subject to the City's park

14  closure rules. That is where the factual similarity ends since Aichele involves

15  subsequent facts and is the only case challenging arrests and conditions of detention,

16  as well as the City policy to deny Own Recognizance ("OR") release. The Aichele

17  plaintiffs most certainly have not alleged claims for a violation of their rights

18

---

19      [9]    Plaintiffs have filed an opposition to Ettlin's application to intervene

20  in this action. The matter is set to be heard by the Court on June 7, 2013.

21      [10]    Plaintiffs believe the Court is familiar with C.R. Legal as he apparently

22  sought intervention and simultaneous recusal of this Court in the name of Occupy

23  Los Angeles in People of the State of California v. Northern Trust Corp., 12-cv-
    01813 DMB (FMO). See Dkt. #46.

24

25      [11]    Ettlin contends that Plaintiffs' counsel interjected the issue of a related

26  case into this matter when they cited to his Writ of Mandamus filed with the Ninth
    Circuit in 12-cv-0297. NOTICE at p.6, lines 6-8. He claims that the writ only

27  relates to his attempt to intervene in 12-cv-0297. Id. Ettlin's argument provides
    additional support for Plaintiffs' position that the two cases are not related pursuant

28  to Local Rule 83-1.3.1.

1  pursuant to *Jones v. City of Los Angeles* or *Lavan v. City of Los Angeles*.

2       Ettlin contends that these cases should be related because he has no "assurance

3  that any negotiated settlement from case 10863 will protect his rights in the future"

4  because "[t]he class is too small for justice to be served[.]" NOTICE at II, p.7, lines

5  26-27. This is not a basis to find this case related to any other case in this district.

6  It is simply and only a meritless contention made with respect to his motion to

7  intervene.

8  **IV.    CONCLUSION**

9       For all of the foregoing reasons, Plaintiffs submit that this case is not related

10  to any of the cases listed by Ettlin.

11

12  Dated: May 14, 2013                    Respectfully submitted,

13                                         Hadsell Stormer Richardson & Renick, LLP
14                                         Kaye, McLane, Bednarski & Litt
                                           Law Office of Carol A. Sobel
15                                         Law Office of Colleen M. Flynn
                                              Schonbrun, DeSimone, Seplow, Harris,
16                                            Hoffman & Harrison

17                                                   /s/
                                           By: CAROL A. SOBEL
18                                             Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

7

**EXHIBIT B**

1  KAMALA D. HARRIS
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  JONATHAN M. EISENBERG
   Deputy Attorney General
4  State Bar No. 184162
    300 South Spring Street, Suite 1702
5   Los Angeles, CA 90013
    Telephone: (213) 897-6505
6   Fax: (213) 897-1071
    E-mail: Jonathan.Eisenberg@doj.ca.gov
7  *Attorneys for Defendant Kamala D. Harris,*
   *California Attorney General*
8

9            IN THE UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11          LOS ANGELES (SPRING STREET) DIVISION

12

| 13 | **OCCUPY LOS ANGELES,** | Case No. 2:12-cv-00297-GHK-JC |
|---|---|---|
| 14 | Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT KAMALA D. HARRIS, CALIFORNIA ATTORNEY GENERAL, UNDER FED. R. CIV. P. 12(B)(4) AND 12(B)(5)** |
| 15 | v. | |
| 16 | | |
| 17 | **CITY OF LOS ANGELES; UNITED STATES DEPARTMENT OF JUSTICE AND/OR ERIC HOLDER ESQ.; UNITED STATES FEDERAL BARS FOR THE 9th, 5th, AND OTHER CIRCUITS; PAMELA HARRIS, ESQ.; L.A.P.D. OFFICERS, and DOES 1-10** | |
| 18 | | Date:       August 13, 2013 |
| 19 | | Time:       9:30 a.m. |
| 20 | | Courtroom:  20 – 3rd Floor |
| 21 | Defendants. | Judge:      Hon. Jacqueline Chooljian |
| 22 | | Trial Date:  Not Set Yet |
| | | Action Filed: November 9, 2011 |

23       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       Please take NOTICE that, at 9:30 a.m. on August 13, 2013, or as soon

25  thereafter as the matter may be heard, in Courtroom 20, 3rd Floor, of the U.S.

26  District Court for the Central District of California, located at 312 North Spring

27  Street, Los Angeles, CA 90012, before U.S. Magistrate Judge Jacqueline

28

                                   1

1 Chooljian, Defendant Kamala D. Harris, California Attorney General ("AG

2 Harris"), will and hereby does move under Federal Rules of Civil Procedure

3 12(b)(4) and 12(b)(5) to dismiss the instant case as against (or, alternatively, to

4 quash the attempted service of process on) AG Harris, on the ground that the

5 attempted June 17, 2013, service of process of AG Harris is defective for several

6 reasons, including that [1] the attempt was made more than 120 days after the

7 complaint in this case was filed, [2] no complaint (or any other paper) was

8 delivered along with the summons, [3] the summons does not contain the names of

9 all parties, and [4] the summons provides an apparently incorrect address for the

10 plaintiff's "attorney."

11     This motion is based on the instant notice of motion and the accompanying

12 supporting memorandum of points and authorities and declaration of Jonathan M.

13 Eisenberg ("Eisenberg"), one of the attorneys representing AG Harris in this case.

14     This motion is made following a July 3, 2013, telephonic conference of

15 Eisenberg and C.R. Legal, Sr. ("Legal"), who is either Plaintiff Occupy Los

16 Angeles or his/her/their/its alleged representative, pursuant to L.R. 7-3, which

17 conference was preceded by numerous e-mail messages exchanged between

18 Eisenberg and Legal between June 6, 2013, and June 20, 2013.

19 Dated:  July 5, 2013

Respectfully submitted,
KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendant Kamala D.*
*Harris, California Attorney General*

2

**EXHIBIT C**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV12-297-GHK (JCx) | Date | August 5, 2013 |
|---|---|---|---|
| Title | Occupy Los Angeles v. City of Los Angeles, et al. | | |

Present: The Honorable    Jacqueline Chooljian, United States Magistrate Judge

| Hana Rashad | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:**         **(In Chambers)**

The Court is in receipt of the Motion to Dismiss Defendant Kamala D. Harris, California Attorney General [etc.] ("Defendant's Motion"), which is noticed for hearing before this Court on August 13, 2013 at 9:30 a.m., an opposition to Defendant's Motion and the moving defendant's reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds Defendant's Motion appropriate for decision without oral argument. The hearing calendared for August 13, 2013 is hereby vacated and the matter taken off calendar.

IT IS SO ORDERED.

Initials of Clerk: hr

**EXHIBIT D**

SUMMONS
(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUM-100

NOTICE TO DEFENDANT: *City of los Angeles*
(AVISO AL DEMANDADO): *LAPD Jones States*
*united sand/or Eric Holder Esq. Dept of Justice*
*U.S. Federal Kurds 9th + 5th Circuit*

YOU ARE BEING SUED BY PLAINTIFF: *Pamela Harris Esq*
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

*MARio G. Nitrinj III*

*Occupy Los Angeles Et al*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 09 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Raqena Juliano

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *111 N. Hill St.*
(El nombre y dirección de la corte es): *Los Angeles CA. 90012*

CASE NUMBER:
(Número del Caso): **BC473185**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
*Mario G. Nitrinj III  818-799-0191*
*P.O. Box 94971*
*Pasadena, CA  91109*

DATE: *11-9-11*   NOV 09 2011   Clerk, by _____ A. G.__ , Deputy
(Fecha)                    (Secretario)                          Raqena Juliano (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

5

MANO G. NITANINI III

PO BOT 94971

PASADENA, CA

91109

IN THE Superior COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Filed In Forma Pauperis (CRC 3.50, et seq.) per order
dated:
Amount recoverable pursuant to GC §68637
Plus a one time administrative fee upon judgment if the
party becomes a judgment creditor (GC §6103.5, 68635)

OCCUPY LOS ANGELES @camper

VS. City of Los Angeles,
UNITED STATES DEPARTMENT OF JUSTICE

AND/OR EPPC Holder ESQ;)

UNITED STATES FEDERAL BARS

FOR THE 9TH, 5TH AND OTHER CIRCUITS

AND Pamela Harris, ESQ.

DOES 1-10  L.A.P.D. officers

NOV 09 2011 Federal Complaint BC473185

John A. Clarke, Executive Officer/Clerk

Deputy

1st Cause of Action: RICO

2nd Cause of Action: Negligence

3rd Declaratory Relief

4th Temporary Restraining Order

5th Damages, OR, Attorney Fee's

COMES NOW PLAINTIFFS in this Federal Lawsuit, organized and speaking as one from a General Assembly comprised from citizens of this community and recognized as the political movement OCCUPY LOS ANGELES (hereinafter referred to as "Plaintiffs"), and do bring this Federal Complaint for the purposes of ferreting out and addressing the rampant corruption, inequity and anti-social behavior plaguing their community of Los Angeles and around this nation.

Plaintiffs, as members of this community and nation, have standing to bring this Federal Complaint against the members comprising their own United States Department of Justice and United States Federal Bar in order to receive answers and in some cases remedy and even removal of those Public Servant members who have demonstrated recognized and indisputable behaviors contrary to the oaths of their office which they have taken and the laws of this nation which they have sworn to uphold.

## INTRODUCTION

Plaintiffs have become aware of numerous specific instances of corrupt and even collusive behavior displayed by members comprising their own offices of public service in both their United States Department of Justice and in their Federal Judiciaries across this nation. Furthermore, Plaintiffs have discovered the recognizable emergence of entities in these Public Service Offices which operate in distinctly defensive patterns in order to protect themselves from the illumination of the cooperation, collusion and corruption inherent and being displayed by some of their members.

Plaintiffs bring this Federal Complaint seeking removal of not only those members contained within these Public Service Offices identified and proven to be corrupt but also

1

seeking answers from these Public Service Offices, themselves, for why such unorthodox measures are even necessary by the citizens of this community and this country regarding offices for Public Service which would appear and even purport to be self-policing.

1. Defendants in this lawsuit are:

A: The United States Department of Justice, a self explicative entity covered in Section 1961of the RICO Act.

B: The United States Federal BARS including but not limited to the United States 9th and 5th Circuit BARS also covered in Section 1961 of the RICO Act.

Plaintiffs do not know the true names of defendants named as DOES 1 through 200, inclusive, and therefore sues them by such fictitious names. However, Plaintiffs are informed and believe, and thereupon allege, that all said defendants named as DOES 1 through 200, inclusive, are employees/members of defendant UNITED STATES DEPARTMENT OF JUSTICE and/or one of its UNITED STATES FEDERAL BARS. When the names, capacities and relationship of defendants named as DOES 1 through 200 are ascertained, they will be alleged by amendment to this Complaint.

2. Jurisdiction of this Federal Court is invoked according to the Rules of Federal Court pertaining to an action pursuant to United States Statute Title 18, Chapter 96 of the United States Statutes more commonly known as the Racketeering Influenced and Corrupt Organizations Act (RICO) which has been specifically reserved for our United States District Courts within that Congressional enactment.

## FIRST CAUSE OF ACTION: RICO

3. Plaintiff incorporates, herein by reference, each and every allegation contained in paragraphs 1 through 2 as though set out in full herein.

4. In August of 2011 author and current member in both the United States 5th and 9th Circuit Federal BARS, JOHN R. SISK, published a book documenting varied and specific instances of what would appear to be blatant corrupt and collusive practices perpetrated by members of our United States Judiciary and even including participants in our United States Departments of Justice Offices located in California, Louisiana and Washington, D.C.

5. In order to circumvent any conceivable objections regarding clarity or ambiguity potentially proffered by these named defendants in this proceeding, said documented and identified instances of collusive and corrupt behavior have been detailed in the free publication entitled: A Letter to CAS which is posted for viewing and reading at the free internet domain address www.indiegogo.com.

6. Said publication includes, but is not limited to, an instance where a United States District Court Judge (USDC Judge DEE D. DRELL) stepped in and unilaterally

2

7

dismissed 13 named Public Servant defendants in a Federal lawsuit pursuant to the RICO before many were even served with notice and a copy of the RICO lawsuit against them. In short, USDC Judge DRELL simply abandoning his judicial post as an independent and neutral arbitrator of a United States District Court legal proceeding in order to assume the position as attorney, representative and even the defense attorney for these 13 named Public Servants. A judicial measure so shockingly abhorrent to our United States Rules of Court as to describe this violation as not just corrupt but collusive, since the Federal Rules of Civil Procedure EXPRESSLY prohibit any USDC Judge from even attempting to weigh the validity of any factual contention contained in a United States District Court complaint prior to the appearance by the named defendants. Again, in short, USDC Judge DRELL merely acted in a collusive fashion in order to protect these public servants (his apparent purported "legal clients") from even being required to appear and/or answer the allegations of corruption leveled against them while in office.

7. Said publication goes on to illuminate that once an appeal was made to the United States 5th Circuit Court of Appeals, for the premature dismissal of these public servants who had been called upon to answer for the federal allegations of racketeering made against them from their public service offices, then another singular member of our United States BAR (USCA5 Judge THOMAS M. REAVELLY) unilaterally stepped in and ordered that all appellate briefs filed by both petitioner and all responsive appellate briefs filed on behalf of these named public servants simply be concealed from view by any United States 5th Circuit Court of Appeals reviewing panel. Thereby judicially circumventing any review of USDC Judge DEE D. DRELL's own improprieties.

8. Said publication then goes on to further document that members contained in our own United States Department of Justice not only witnessed these aforementioned acts of corruption and collusive practices by these United States Judiciary members but then kept quiet about these clear judicial violations and improprieties which they had each just witnessed occur. As did numerous other members contained within our United States judiciary including but not limited to USDC Judges R. GARY KLAUSNER, TOM STAGG, RICHARD T. HAIK, Sr. and ROBERT JAMES

9. Each and every aforementioned allegation as well as each and every allegation contained in the publication **A Letter to CAS** is a matter of Public Records of this nation and easily discoverable by these named defendants and, in fact, is already contained within each defendant's own records. Each named defendant being a participant of those improprieties through its members. As such, plaintiffs are relieved of their duties through discovery to produce documents and records pertaining to these alleged improprieties which already comprise defendants own files.

10. Each and every member of our United States Judiciary is required to swear or affirm an oath pursuant to United States statute 28 USCS 453 prior to taking office insuring that they will not only actively work to eradicate political influence and corruption

3

from our courts but insuring that none will look the other way or keep quiet regarding such instances of impropriety in their midst or entering within each's realm of awareness. Each and every member of our United States Department of Justice is similarly required to swear or affirm such an oath.

11. And further insuring these aforestated Judicial ends, our United States BARS have been created and operate in order to police and enforce just such stated Judicial ends. However, it would appear that ample evidence now exists to support Plaintiffs awareness and even contention that our United States Judiciaries have not only become infiltrated and politicized but on occasion even now appear to exhibit instances of distinctly defensive measures designed to protect itself from the illumination of corruption and politicization concerning its own members. Similar collusive behavior is now evident in our United States Department of Justice.

12. Aforesaid awareness further exemplified by the televised events regarding Monica Goodling in our United States Department of Justice who, yet again, admitted in front of a Congressional hearing that she was aware of the impropriety and even illegality which she was committing while in office while remaining entirely immune from prosecution or address by any member contained within the offices of these two named defendants.

13. Aforesaid awareness further exemplified by David Iglesias and Bud Cummins who actually reported the illegal activities of United States Department of Justice employee Monica Goodling or simply refused to bring the prosecutions of what were clearly politically motivated prosecutions against innocent defendants and instead of being heralded by these named defendants were instead fired or demoted from their Public Service office positions.

14. Aforesaid awareness further exemplified by the illegal detainment and imprisonment for approximately 18 months Dr. Richard Fine whose only crime appears to have now been that he attempted to illuminate these very types of collusive and corrupt behavior within our judiciaries. Said Imprisonment widely televised and covered in our news media yet not a single member from either office of these named Defendants inquired into the motivation of said acts.

15. Further, it is alleged that several Superior Court Judges received what appeared to be a bribe of about $40,000 from the County of Los Angeles which was never reported per code. And, on information and belief later were appointed to the Federal Bench and ruled on his false detention with out declaring their conflict of interest. Later, several members of the STATE JUDICIARY stated down as a result thereof, including one member of the California State Supreme Court. Full Disclosure broadcasted the same recently and informed the public when attorney Fine was released. Attorney Fine had worked for the Justice Department previously. The aftermentioned Judges alleged herein as Defendants have been the last element used by criminal enterprises ( i.e. Mortgage Fraud case filed in San Diego by the United States Justice Department ). It is

4

9

common knowledge that each criminal enterprise use via influence or direct bribery to rule in the controlling members favor in any pending litigation before the United States District Courts and various State Courts. And , notwithstanding various complaints to the State and the Federal Agencies few prosecution has taken place by either the State Attorney General or the Federal. The F.B.I. Chief recently has failed or refused to do the same unless an public outcry has preceded the complaint or some wealthy person or organization has backed the same, with sufficient news coverage by the main stream news media etc.

16. The list of improprieties can go on, of course, and will with the supplementation of evidence discerned through the subpoena power, deposition power and other discovery tools designed to assist Plaintiffs in further perfecting this United States Federal Complaint against these named defendants.

17. The front page of the October 15th, 2011 edition of the New York Times ran headlines illuminating a new tone being set in this Country setting an initial precedent which heretofore had never been observed by this nation's judiciaries when Bishop Robert W. Finn was indicted for "looking the other way" and failing to take affirmative steps to protect this nation's children from the predatory activities of Priests known to the Catholic Church to possess pedophilic and/or pornographic tendencies.

18. In short, Defendant Fine's case fosters in a NEW ERA in this nation where those who choose to hold such high levels of trust and public service will no longer be allowed the luxury nor benefit of "looking the other way" when impropriety occurs within their midst and will be held accountable for not just their improper actions but their improper inactions. Admittedly Bishop Fin, not being held to nor even taking any oath of Public Service to the citizens of this nation like the named defendants herein.

19. The controlling individuals are different from the criminal enterprise and the various enterprises use the Judges who aid and abet one of the 57 crimes listed in the RICO Statute . The are one or more Bankruptcy Judges who are especially guilty of above stated RICO Charges and the details will be more illumin when discovery has been completed. But on information and belief Judge Barry Russel has made several questionable ruling recently which are on appeal and in favor of a potential mortgage fraud criminal enterprise by SRT Partners LLC despite the evidence being clearly against said defendants.

20. These various criminal enterprise could not be successful absent the Judges in the State and Federal venue ruling in the criminal enterprise favor when the law is clearly against the controlling individuals forcing the Plaintiff to appeal c. suffer the consequences of said void rulings due to bribery and corruption. RICO Statute holds all aiders and abetters as guilt as the controlling individuals of various corporations , LLC and Public Entities.

## SECOND CAUSE OF ACTION: NEGLIGENCE

5

10

21. Plaintiff incorporates, herein by reference, each and every allegation contained in paragraphs 1 through 17 as though set out in full herein.

22. In the early 1970s United States Senator Knapp initiated the Congressionally funded Knapp Commission hearings in order to attempt to discover to what extent the presence of corrupt and collusive employees contained within our offices of Public Service were to be then present. And what this United States Federally funded Commission found was that 1 in 10 public servants contained within our offices of Public Service were "absolutely corrupt". This Commission going on to coin the phrase "The Blue Wall of Silence" regarding the 8 in 10 other members in any Public Service office who would simply look the other way and not talk about the corruption occurring within their Public Service department. Leaving only 1 in 10 left in any Public Service office to be accurately described as "absolutely honest". The Congressionally funded Moellen commission then studied in 1992 the enigma of the 8 in 10 members of any Public Service office who would claim to be ignorant of the corruption and impropriety occurring within their Public Service Office and found that ignorance to be properly labeled in most cases: "A willful ignorance" by those 8 in 10 member group.

23. Plaintiffs proffer that the Public Service Offices of our United States Federal Judiciary and our United States Department of Justice should have no distinction in its members drawing only from those contained within the 1 in 10 members of any Public Service office who can be accurately described as "absolutely honest". Thereby removing from either of these identified Public Service Offices each and every member who can either be accurately described as "absolutely corrupt" or even those who appear to exhibit instances of "A willful ignorance" regarding improprieties occurring within their Public Service Office.

24. Plaintiffs further proffer those Public Servants illuminated in this Federal Complaint, following discovery, and prior to trial who are willing to relinquish their veil of protection inherent in a lifetime appointment to our offices of Public Service and voluntarily step down from office will be recognized as guilty of the 2nd Cause of Action listed in this Federal Complaint. However, any unwilling to avail themselves of this option will be fervently pursued in order to raise their own culpability to at a minimum *"A willful ignorance"* regarding ANY corruption and impropriety identified while occupying their office of Public Service and Trust thus securing their placement in the 1st Cause of Action listed in this Federal Complaint.

25. Plaintiffs further proffer that those Public Servants who do not enjoy a lifetime appointment but still occupy one of our Offices of Public Service (ie, those in our United States Department of Justice) following discovery and prior to trial will be afforded the same option with the additional caveat that they contractually agree to refrain from seeking any other office of Public Service in this nation for a period of twenty years or as deemed appropriate by Judge or Jury.

6

26. Defendant, Pamela Harris the State Attorney can be sued in Federal Court for the above state tort based upon the case law ex younger which allows certain exceptions to the 11th amendment when their are on going Federal Violations and a failure or refusal to file charges against known mortgage fraud enterprises reported to said State Attorney General. News Media Coverage is not a legal precedent condition before a investigation or charge being filed.

27. On information and belief Ms. Harris aid and abetted the Banks by charging a private attorney who was suing the Banks for Mortgage Fraud under the pretext that she was saving the homeowners from fraud who did not want her to save them. However, we did note that recently said State Attorney General has stated she would start to go after white collar crime and we assume via RICO.

WHEREFORE, Plaintiff prays for relief as follows:

Plaintiffs are seeking no monetary recovery in this Federal Complaint but rather ONLY to begin to clean up the corruption, politicization and collusion which appears to now be evident within members of both named Defendants. Paradoxically enough, the very duties that Defendants themselves are statutorily and ethically obligated to fulfill without the necessity of this Federal Complaint.

Plaintiffs seek the immediate removal of any remaining member illuminated to exhibit behaviors contrary in any respect to those commonly described as "absolutely honest". In short, those found to have either participated in corrupt activities in their official duties or even to be described as exhibiting tendencies of "A willful ignorance" regarding those who do engage in corrupt or collusive behavior.

Any Attorneys Fees incurred in the prosecution of this Federal Complaint;

All costs of suit incurred by Plaintiff, including but not limited to costs of expert witnesses, deposition fees, filing fees, witness fees, costs and expenses including but not limited to travel, court, filing and all other costs relevant and associated with the preparation, prosecution and presentation of this United States lawsuit;

Any and all other remedies, and other equitable relief granted by this court, and for such damages as may be reasonable and/or appropriate in the premises.

WHEREFORE, Plaintiff further prays for a trial by jury on all issues triable by a jury herein and reserves their right to amend this complaint upon the discovery of additional causes of action amenable to them following discovery measures.

Respectfully submitted,

Maie G. Miller, III

11-8-11

12

**EXHIBIT E**

1 | CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
GARY G. GEUSS, Chief Assistant City Attorney
2 | CORY M. BRENTE, Assistant City Attorney
MICHAEL AMERIAN, Deputy City Attorney (SBN 207610)
3 | KELLY N. KADES, Deputy City Attorney (SBN 195025)
200 North Main Street, 6th Floor, City Hall East
4 | Los Angeles, CA 90012-4129
Telephone: (213) 978-6900 Facsimile: (213) 978-8785
5
Attorneys for Defendant CITY OF LOS ANGELES
6
7 | (No Filing Fee - Public Entity, G.C. §6103)
8

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**DEC 05 2011**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| OCCUPY LOS ANGELES, | Case No. BC 473185 |
| Plaintiffs, | **DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT** |
| vs. | Date: TBD |
| CITY OF LOS ANGELES, et al., | Time: TBD |
| Defendants. | Dept.: TBD (currently in Dept. 1 for assignment) |
| | Judge: TBD |

**TO THE HONORABLE COURT AND TO PLAINTIFF IN PRO PER:**

PLEASE TAKE NOTICE that once Department 1 assigns this case to a trial court at the Los Angeles Superior Court located at 111 North Hill Street, Los Angeles, California 90012, and gives notice of the assignment, Defendant CITY OF LOS ANGELES ("Defendant") will move the newly assigned trial court to sustain a Demurrer to the Complaint of Occupy Los Angeles ("Plaintiff") for failure to state a cause of action based on the following grounds:

1. Plaintiff lacks standing to obtain injunctive and declaratory relief.

The Demurrer will be based on this notice, the attached Memorandum of Points and

1

**DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**

79

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/09/11 | | | DEPT. 85 |
|---|---|---|---|
| HONORABLE JAMES C. CHALFANT | JUDGE | P. HORTON | DEPUTY CLERK |
| HONORABLE EX-PARTE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| J. DE LUNA, C.A. | Deputy Sheriff | C. KUHN, CSR #7810 | Reporter |

| 9:30 am | BC473185        NO LEGAL FILE | Plaintiff Counsel | NO APPEARANCE | |
|---|---|---|---|---|
| | OCCUPY LOS ANGELES VS CITY OF LOS ANGELES ET AL | Defendant Counsel | VALERIE FLORES JULIANN ANDERSON | (X) (X) |
| | 170.6 FRUIN | | | |

NATURE OF PROCEEDINGS:

EX PARTE APPLICATION OF DEFENDANTS FOR AN ORDER PREVENTING PETITIONERS' HARASSMENT AND ABUSE OF PROCESS

Matter comes on for hearing. There is no appearance by plaintiffs.

The court rules as follows:

   1. Plaintiffs are not permitted to file an ex parte application absent leave of court.
   2. Leave of court may only be obtained by noticed motion and the court grants plaintiffs an order shortening time so that the motion may be heard on five days' notice.
   3. This order stands through the date of the case management conference.

Counsel for defendants is to give notice.

MINUTES ENTERED
12/09/11
COUNTY CLERK

78

1    Authorities, the complete files and records of this action, and such further oral and/or

2    documentary evidence as may be admitted at the time of the hearing.

3       DATED: December 5, 2011

4            Respectfully submitted,

5              **CARMEN A. TRUTANICH**, City Attorney
             **GARY G. GEUSS**, Chief Asst. City Attorney

6              **CORY M. BRENTE**, Assistant City Attorney
             **MICHAEL AMERIAN**, Deputy City Attorney

7

8            By

9                  **KELLY N. KADES**, Deputy City Attorney

10           Attorneys for Defendant **CITY OF LOS ANGELES**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I.** |
| 3 | **INTRODUCTION** |
| 4 | Plaintiff's Complaint is brought against the United States Department of Justice |
| 5 | and the Federal Bar, claiming they have engaged in a pattern of collusion and corruption. |
| 6 | (Plaintiff's Complaint, pg. 1) Although the caption names the City of Los Angeles as a |
| 7 | defendant, none of the allegations in the Complaint pertain to the City, except for Section |
| 8 | III, which requests declaratory relief and/or injunctive relief. Although unclear, Plaintiff |
| 9 | requests that this Court declare that the Occupy LA protestors have a legal right to remain |
| 10 | at the park surrounding City Hall, and that the Los Angeles Police Department ("LAPD") |
| 11 | be enjoined from removing them by force or threat of force. Plaintiff's requested relief, |
| 12 | however, is moot, as the LAPD already declared the protestors to be an unlawful |
| 13 | assembly and those who remained at the park and failed to leave were arrested on |
| 14 | November 30, 2011. Therefore, Plaintiff's Complaint, as it pertains to the Defendant City |
| 15 | of Los Angeles must be dismissed with prejudice. |
| 16 | **II.** |
| 17 | **PLAINTIFF LACKS STANDING TO OBTAIN INJUNCTIVE AND** |
| 18 | **DECLARATORY RELIEF** |
| 19 | Declaratory relief is a proper remedy in instances where a state statute is found to |
| 20 | be unconstitutional and the federal court acts to enjoin its enforcement against similarly |
| 21 | situated persons. *Soto-Lopez v. Civil Serv. Comm'n*, 840 F.2d 162, 168 (2d Cir. 1988). |
| 22 | Moreover, in California, an "[i]njunction is an extraordinary remedy and courts |
| 23 | have consistently proceeded with great caution in exercising their power, and have |
| 24 | required a clear showing that the threatened and impending injury is great, and can be |
| 25 | averted only by injunction." *Western Electroplating Co. v. Henness* (1959) 172 |
| 26 | Cal.App.2d 278. "An injunction properly issues only where the right to be protected is |
| 27 | clear, injury is impending and so immediately likely as only to be avoided by issuance of |
| 28 | |

1

**DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**

8 /

1   the injunction." *East Bay Mun. Utility Dist. v. Department of Forestry & Fire Protection*

2   (1996) 43 Cal.App.4th 1113, 1126. "An injunction cannot issue in a vacuum based on the

3   proponent's fears about something that may happen in the future, it must be supported by

4   actual evidence that there is a realistic prospect that the party enjoined intends to engage

5   in the prohibited activity." *Korean Philadelphia Presbyterian Church v. California.*

6   *Presbytery* (2000) 77 Cal.App.4th 1069, 1084. "In order to obtain a permanent

7   injunction, under [California] law, a plaintiff must prove: (1) the elements of a claim

8   involving a wrongful act that the plaintiff seeks to enjoin; and (2) the grounds for

9   equitable relief." *City of South Pasadena v. Department of Transportation* (1994) 29

10   Cal.App.4th 1280, 1293.

11       In this case, Plaintiff cannot establish the threshold elements for either declaratory

12   or injunctive relief, as it is not challenging the constitutionality of a state statute, or

13   subject to an immediate future injury which can only be avoided by issuance of an

14   injunction. In fact, Plaintiff's requested relief is now moot because the LAPD already

15   declared the protestors to be an unlawful assembly and those who remained at the park

16   surrounding City Hall and failed to leave were arrested on November 30, 2011.

17   Therefore, Plaintiff's Complaint, as it pertains to Defendant City of Los Angeles must be

18   dismissed with prejudice.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

2

**DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**

1

## III.

2

## CONCLUSION

3    Based on the foregoing, this Court should grant Defendant's Demurrer and dismiss

4    with prejudice Plaintiff's Complaint, as it pertains to Defendant City of Los Angeles.

5

6    DATED: December 5, 2011          Respectfully submitted,

7                                      **CARMEN A. TRUTANICH**, City Attorney
                                       **GARY G. GEUSS**, Chief Asst. City Attorney
8                                      **CORY M. BRENTE**, Assistant City Attorney
                                       **MICHAEL AMERIAN**, Deputy City Attorney
9
                                       By _____
10                                        **KELLY N. KADES**, Deputy City Attorney

11                                     Attorneys for Defendant **CITY OF LOS ANGELES**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**DEFENDANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**

83

1                          **PROOF OF SERVICE**

2       I, Melinda Crowe, declare as follows:

3         At the time of service I was over 18 years of age and not a party to this action. My business
address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is the County, City
4  and State where this mailing occurred.

5

        On December 5, 2011, I served the document(s) described as: DEFENDANT'S DEMURRER
6  TO PLAINTIFF'S COMPLAINT

7  on all interested parties in this action:

8  MARIO G. NITRINI, III (Plaintiff in Pro Per)
   P.O. Box 94971
9  Pasadena, California 91109
   Telephone: (818) 799-0191

10
   I enclosed true copies of the documents(s) in a sealed envelope or package addressed to the person(s)
11  address(es) as above and:

12  [ x ]  By United States Mail.

13       [x ]  placed the envelope for collection and mailing, following our ordinary business practices. I
   am readily familiar with this business's practice for collecting and processing correspondence for
14  mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the
   ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully
15  prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal
   cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.
16

      [ x ]  deposited the sealed envelope with the United States Postal Service, with the postage fully
17  prepaid.

18  [ ]  By overnight delivery. I enclosed the documents in an envelope or package provided by an
   overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or
19  package for collection and overnight delivery at an office or a regularly utilized drop box of the
   overnight delivery carrier.
20

      I declare under penalty of perjury under the laws of the State of California that the foregoing is
21  true and correct.

22

   Date: December 5, 2011
23

      Melinda Crowe
24  _____     _____

      Name of Declarant             Signature of Declarant
25

26

27

28

                              84

1 | CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
2 | VALERIE L. FLORES, Assistant City Attorney (SBN 138572)
   | CARLOS DE LA GUERRA, Assistant City Attorney (SBN 164940)
3 | 200 North Main Street, City Hall East, 8th Florr
   | Los Angeles, CA 90012
4 | Telephone: (213) 978-8100
5 | Fax: 213.978.8313
6
7

**FILED**
Los Angeles Superior Court

DEC 09 2011

JOHN A. CLARKE, CLERK

BY J. DeLUNA, DEPUTY

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### COUNTY OF LOS ANGELES

10

11 | MEMBERS OF OCCUPY LOS ANGELES,

12 |                    Petitioners,

13 |         v.

14 | THE CITY OF LOS ANGELES, a municipal
15 | corporation, et al.

16 |                    Respondents.

17
18
19
20

) Case No.:    **BC 473185**
)
) **DECLARATIONS OF VALERIE L. FLORES,**
) **WILLIAM W. CARTER AND MARIO**
) **NITRINI IN SUPPORT OF EX PARTE**
) **APPLICATION OF CITY OF LOS ANGELES**
) **FOR ISSUANCE OF AN ORDER**
) **PREVENTING PETITIONERS'**
) **HARASSMENT AND ABUSE OF PROCESS**
)
) **DATE: December 9, 2011**
) **TIME: 8:30 a.m.**
) **DEPT. 86**
)
)
)

21
22
23
24
25
26
27
28

12/12/11

1

DECLARATIONS SUPPORTING CITY'S APPLICATION